IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| KYLE EDWARD PALMER | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:13cv536 |
| | | (Crim. No. 6:09cr112-2) |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Movant Kyle Palmer, proceeding *pro se*, filed this motion to vacate or correct his sentence under 28 U.S.C. §2255. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

On October 1, 2010, Palmer pleaded guilty to Count One of an information charging him with conspiracy to possess with intent to distribute at least 50 but less than 200 grams of a mixture or substance containing a detectable amount of methamphetamine. In pleading guilty, Palmer waived his right to appeal except for any punishment imposed in excess of the statutory maximum or a claim of ineffective assistance of counsel that affected the validity of the waiver or the plea itself. On March 1, 2011, Palmer received a sentence of 105 months in prison.

Despite the waiver of appeal provision, Palmer took a direct appeal, arguing that the appeal waiver was unenforceable. The recording of the plea proceeding was unavailable because of an equipment malfunction, and Palmer also contended on appeal that the failure to record the plea proceeding was reversible plain error. The Fifth Circuit determined that Palmer had knowingly and voluntarily waived his right to appeal and the appeal waiver was enforceable. U.S. v. Palmer, 493 Fed.Appx. 545, 2012 WL 4503411 (5th Cir., October 2, 2012).

1

Palmer signed his §2255 motion on July 5, 2013. In this motion and an attached affidavit, Palmer claims that he was told by his attorney, Rex Thompson, that he would receive a "50 percent sentence reduction" in exchange for providing substantial assistance to law enforcement. He asserts that he kept his part of the bargain by providing information concerning another person who had been arrested on drug and weapons charges as well as information in a capital murder case involving a person named Crockett. Palmer says that he was also promised that he would be moved out of the Eastern District of Texas to protect him from retaliation from other inmates, but that such a move has not happened.

Although Palmer concedes that his pre-sentence investigation report called for a sentence of 105 months, he states that Thompson told him he would be receiving a §5K1.1 sentence reduction and that the pre-sentence report "did not matter." At sentencing, Thompson did not argue for a reduction based on substantial assistance, and Palmer got the full 105 month sentence. He states that Thompson and the Assistant U.S. Attorney, Richard Moore, told him that he would be brought back for a sentence reduction on a Rule 35 motion, but that he was concerned that the Government would not keep its end of the bargain so he filed an appeal. Palmer maintains that had he received the promised 50 percent sentence reduction, he would already be out of prison.

The Government has filed a response arguing that Palmer's claims are barred by the waiver of appeal provision and lack merit in any event. The Government asserts that Palmer offers no independent indicia of the likely merits of his claims that he was promised a 50 percent sentence reduction and that counsel cannot be ineffective for failing to ask for a sentence reduction for substantial assistance; such a reduction cannot be granted absent a motion from the Government, which has no obligation to file such a motion.

The Government goes on to note that at sentencing, Thompson urged the Court to recommend that Palmer be confined in Seagoville, in the Northern District of Texas, and that the Court in fact made this recommendation.

In his reply to the answer, Palmer claims that he was never told that the waiver of appeal could prevent a sentence reduction for substantial assistance. He says that Thompson told him that if he provided full cooperation and assistance, he would get a "huge break" on his sentence. He maintained Thompson also told him that he, Thompson, had been advised by law enforcement that Palmer would get a 50 percent reduction in his sentence. Palmer says that based on this promise, he continued to cooperate fully with law enforcement and that the promise of a sentence reduction was "the primary consideration on providing the substantial assistance and entering into the plea agreement."

Palmer claims that he believed he would receive a 50 percent sentence reduction right up to the day of sentencing. At the sentencing proceeding, Thompson told him not to worry about the actual sentence imposed because he would be brought back to court on a Rule 35 motion for a sentence reduction. Palmer says he asked Thompson at sentencing several times about bringing up the substantial assistance, but Thompson just told him "not to worry" because he would be brought back to testify in the capital murder case and then he would receive the sentence reduction.

Palmer states that there were no eyewitnesses to counsel's promises because these were made in confidential conversations. He notes that he cannot produce the investigation records of the capital case or his videotaped statement to law enforcement, but that the Assistant U.S. Attorney, Richard Moore, has been made aware of the existence of these items. Palmer says he was told that the highest sentence he would receive would be 60 months and asks for an evidentiary hearing to allow the Court to review the records of the Crockett investigation.

At the sentencing proceeding, the court records show that there was no mention of any substantial assistance, not even by Palmer himself when he addressed the court. Thompson asked for recommendations that Palmer be confined in Seagoville because this was the closest facility to Palmer's family and that Palmer be allowed to participate in a drug treatment program, and both of these recommendations were made by the Court,

After review of the pleadings, the Magistrate Judge issued a Report recommending that Palmer's motion to vacate or correct sentence be denied. With regard to the waiver of appeal, the Magistrate Judge concluded that this provision barred all of Palmer's claims except to the extent that Palmer asserted that he received ineffective assistance of counsel which affected the validity of his plea.

The Magistrate Judge stated that if a defendant pleads guilty on the basis of a promise by counsel or the State, whether or not the promise is fulfillable, breach of the promise taints the voluntariness of the plea. In order to establish this, however, the movant must show the exact terms of the alleged promise, exactly where, when, and by whom it was made, and the precise identity of any eyewitnesses to the promise. United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). If the movant produces independent indicia of the likely merit of his allegations, he is entitled to an evidentiary hearing, but if his claim is inconsistent with the bulk of his conduct or otherwise fails to meet his burden of proof in light of other evidence in the record, a hearing is unnecessary. The Fifth Circuit has specified that conclusory allegations by the petitioner are insufficient to make such a showing, but that there must be independent evidence supporting the claim. McNeil v. Blackburn, 802 F.2d 830, 833 (5th Cir. 1986); United States v. Merrill, 340 Fed.Appx. 976, 2009 WL 2488371 (5th Cir., August 17, 2009) (noting that the movant's own affidavit, which contained only "self-serving conclusional allegations," was insufficient).

In the present case, the Magistrate Judge stated that Palmer offered nothing beyond his own conclusional and self-serving affidavit to support his claims that counsel promised him a 50 percent sentence reduction or that he was promised he would be brought back to court on a Rule 35 motion for a sentence reduction.

In addition, the Magistrate Judge stated that the other evidence in the record failed to offer any support for Palmer's claims. Palmer did not mention a sentence reduction or substantial assistance when he addressed the Court at sentencing, and a *pro se* motion by Palmer asking that new counsel be appointed also made no mention of any promises allegedly made to him by Thompson.

4

The pre-sentence investigation report made no mention of any assistance provided by Palmer or of the possibility of a sentence reduction. Although Palmer refers to a conversation at the sentencing proceeding in which he, Thompson, and Moore discussed his being brought back on a Rule 35 motion for a sentence reduction, there is no such conversation in the transcript, nor any reference to such a conversation.

Similarly, the Magistrate Judge stated that Palmer failed to offer any independent indicia that he was promised a transfer outside the district other than his own conclusory affidavit. A recommendation was made that Palmer be assigned to Seagoville, but the reason stated on the record was so that Palmer could be closer to his family, not because of any assistance that he had provided. The Magistrate Judge observed that other than his own conclusory affidavit, Palmer has offered nothing to show that he had actually provided assistance to the Government.

Finally, the Magistrate Judge noted that Palmer claimed for the first time in his reply to the answer that counsel had "grossly underestimated Movant's sentence exposure by advising him he would receive no more than 60 months." Assuming *arguendo* that this claim was properly before the Court, the Magistrate Judge stated that Palmer offered no independent indicia to show that such a promise had in fact been made. Furthermore, the Magistrate Judge stated that an erroneous estimate by counsel as to the length of sentence, standing alone, does not vitiate an otherwise guilty plea. Daniel v. Cockrell, 283 F.3d 697, 703 (5th Cir., *cert. denied*, 537 U.S. 874 (2002). In the present case, while a transcript of the plea proceeding is not available, the Report of the Magistrate Judge concerning Palmer's guilty plea indicated that Palmer fully understood the nature of the charges and penalties and fully understood the terms of the plea agreement; these terms included notification that the statutory penalty range for the offense includes imprisonment for five to 40 years and an admonishment that the sentence would be imposed after consideration of the Sentencing Guidelines, meaning that no one could predict with certainty what Palmer's sentence would be. The Magistrate Judge thus concluded that Palmer's claims were lacking in merit.

In his objections to the Report, Palmer first repeats his contention that he provided substantial assistance, arguing that it is unfair for counsel, law enforcement officers, and the Government to make promises and then not fulfill them. He says that he has met the requirements of Cervantes by showing the exact promise made, where, when, and by whom, the promise was made, and that the conversation between himself, Thompson, and Moore was the last time anyone witnessed the promise.

Palmer argues that it is "unreasonable" to expect him to provide affidavits from "reliable third parties" when Thompson will not even respond to his letters. He says that in March of 2013, his wife contacted Agent Jim Parker of the Bureau of Alcohol, Tobacco, and Firearms concerning Palmer's sentence reduction and Parker replied that he and Moore had recommended a time cut and that Palmer should hear something within 30 days, but neither he nor his wife ever heard anything. Palmer does not offer an affidavit from Parker or his wife to substantiate this assertion; in any event, Palmer could not have relied on a conversation which took place in March of 2013 as a basis for his entry of a guilty plea some two and a half years earlier.

Next, Palmer contends that his "conduct of providing substantial assistance is consistent with his claims." As the Magistrate Judge stated, however, Palmer has offered nothing to show that he in fact provided substantial assistance beyond his own bare assertion that he did so. Palmer maintains that an evidentiary hearing should be conducted, but the Fifth Circuit has stated that an evidentiary hearing is necessary only where the movant produces independent indicia of the likely merits of his claims. Cervantes, 132 F.3d at 1110; *see also* United States v. Fuller, 769 F.2d 1095, 1099 (5th Cir. 1985) (to be entitled to evidentiary hearing on claim that sworn statements made during the guilty plea proceeding were false, the petitioner must make "specific factual allegations supported by the affidavit of a reliable third person").

In this case, Palmer has failed to provide independent indicia of the likely merits of his claims, and the record is devoid of any supporting evidence, including the evidence of Palmer's own conduct. He did not mention providing any assistance to the Government at the sentencing

6

proceeding, nor to the probation officer who prepared the pre-sentence investigation report. His letter to the Court asking for new counsel complained about Thompson but made no mention of any promises made to him. In the absence of any independent indicia supporting Palmer's claims, he is not entitled to an evidentiary hearing. Cervantes, 132 F.3d at 1110; *see also* U.S. v. Edwards, 442 F.3d 258, 268 n.10 (5th Cir. 2006) (evidentiary hearing not warranted where the conclusory and speculative nature of the allegations make such a hearing nothing more than a "fishing expedition"); U.S. v. Franks, 397 Fed.Appx. 95, 2010 WL 3937376 (5th Cir., October 6, 2010) (rejecting movant's request for an evidentiary hearing to allow him to find facts to support his claims, noting that "an evidentiary hearing is not a fishing expedition for [movant] to find support to validate his allegations.") Palmer's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, including the Movant's pleadings, the answer of the Government, the Movant's reply, the Report of the Magistrate Judge, and the Movant's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Movant's objections are without merit. It is accordingly

ORDERED that the Movant's objections are overruled and the Report of the Magistrate Judge (docket no. : ) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled motion to vacate or correct sentence be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Movant Kyle Palmer is hereby denied a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 13th day of January, 2014.**



_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**